## SNYDER and others *v.* BUNNELL and others.

*(Circuit Court, S. D. New York.* November 11, 1886.)

1. PATENTS FOR INVENTIONS—CONTRIBUTORY INFRINGEMENT.
    Where a person makes and puts on the market an article which of necessity, and to the knowledge of such person, is to be used for the purpose of infringing a patent, such person will be held liable, under the doctrine of contributory infringement.
2. SAME—LIABILITY AS INFRINGER.
    But the doctrine that a party may be held liable as an infringer solely because an article sold by him might be used by the purchaser as one element of a patented combination would be too dangerous to be upheld.
3. SAME—PROOF OF CONTRIBUTORY INFRINGEMENT.
    In order to hold a party liable under the doctrine of contributory infringement, there must be proof that what he did was for the purpose and with the intent of aiding infringement. *Saxe* v. *Hammond,* 1 Holmes, 456.

In Equity.
*G. G. Frelinghuysen* and *A. C. Farnham,* for complainants.
*H. H. Morse* and *C. C. Leeds,* for defendants.

COXE, J. The defendants are charged with infringement of letters patent No. 103,383, granted to James P. Snyder for an improvement in electro-magnetic burglar-alarm apparatus. The invention "consists in an arrangement for setting in action automatically a secondary circuit, which will continue the alarm, although the circuit first set in action may be suddenly stopped again by the shutting of the door or window." The claim is as follows:

"An alarm indicator, arranged for automatically causing a secondary and independent circuit at the indicators by the action of the armature lever with a disk or other device, and the springs or other closing devices, and a secondary line of wire, I, $H^3$, connecting the battery and the magnet, all substantially as specified."

The evidence of infringement is confined to the sale by the defendants on the seventeenth of December, 1884, of one instrument known as an "automatic drop," and the admission by one of the defendants that others like it had been sold by his firm.

It is conceded that this instrument may be used, in connection with the other apparatus described in the patent, so as to constitute an infringement. It is also conceded that it is susceptible of a perfectly innocent use. There is no proof that the defendants have ever used it in an infringing combination, There is, indeed, no direct proof that it was ever so used by any one. Certainly there is nothing to indicate that the defendants have sold an "automatic drop" knowing that it was intended to be used to infringe the patent. For aught that appears, every instrument sold by them may have been used in a perfectly legitimate manner.

If the defendants were doing what the complainants charge,

namely, "making and putting on the market an article which, of necessity, to their knowledge, is to be used for the purpose of infringing the complainants' patent," there would be little difficulty in holding that the complainants' rights are invaded.   But it is thought that the evidence will not warrant so broad an accusation.   If held liable for selling an "automatic drop," it might with plausibility be urged that they are equally inculpated by the sale of a galvanic battery or an electric bell, for these are necessary adjuncts to the patented combination.

The complainants invoke the doctrine of contributory infringement, the clearest illustration of which is, perhaps, found in *Wallace* v. *Holmes*, 9 Blatchf. 65.   In that case the complainants had a patent for a burner in combination with a chimney.   The defendants manufactured and sold the burner, leaving the purchaser to supply the chimney, without which the burner was useless.   The burner could not be used without infringing the patent.   All this the defendants knew.   It was because of this use and this knowledge that they were held liable.   See, also, *Richardson* v. *Noyes*, 10 O. G. 501; *Bowker* v. *Dows*, 3 Ban. & A. 518; *Alabastine Co.* v. *Payne*, 27 Fed. Rep. 559; *Travers* v. *Beyer*, 26 Fed. Rep. 450; *Cotton-tie Co.* v. *Simmons*, 106 U. S. 89; S. C. 1 Sup. Ct. Rep. 52.

In each of these cases the complainant succeeded because the article dealt in by the defendant was only useful when combined as provided by the patent in question, and was sold by him intending that it should be put to this unlawful use.   A careful examination has failed to discover an authority holding a party liable as an infringer solely because an article sold by him might be used by the purchaser as one element of a patented combination.   Such a doctrine would be too dangerous to be upheld.   The case most nearly approximating the one in hand is *Saxe* v. *Hammond*, 1 Holmes, 456.   Judge SHEPLEY there says:

"As defendants only make one element of the patented invention, in order to hold them guilty I must find proof connecting them with the infringement.   Different parties may all infringe by respectively making or selling, each of them, one of the elements of a patented combination, provided those separate elements are made for the purpose, and with the intent, of being combined by the party having no right to combine them.   But the mere manufacture of a separate element of a patented combination, unless such manufacture be proved to have been conducted for the purpose and with the intent of aiding infringement, is not in and of itself infringement."

The record upon this branch of the case is too vague and uncertain to uphold the charge of infringement.   Where a necessary link is absent in the chain of evidence, it cannot be supplied by mere suspicion.

The bill is dismissed.